**Lamarr K. MAINOR, Petitioner—Appellant,**

v.

**Thomas M. HORNUNG, Warden, Respondent—Appellee.**

No. 03–55737.

D.C. No. CV–01–01683–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2004.[*]

Decided Nov. 3, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

248

———

Lamarr K. Mainor, pro se.

Richard J. Donovan, San Diego, CA, for Petitioner–Appellant.

Jerald L. Brainin, Los Angeles, CA, Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before WALLACE, T.G. NELSON, and WARDLAW, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM**

Mainor appeals from the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

▮ The record sufficiently supports Mainor's conviction pursuant to California Penal Code § 182(a)(1) for conspiring to commit robbery in concert. The facts as set forth by the California Court of Appeal indicate that the Honda was spotted by the police helicopter shortly after it fled Wolf's residence; the Honda was in police view from that time until Mainor was arrested at the border; Mainor was seated in the back seat area, where the flex-cuffs and duct tape were discovered; all four men in the car were wearing dark clothing; two 12–gauge shotgun shells were discovered in the trunk of the vehicle; and one witness testified that he saw Mainor toss two ski masks under the car. "[V]iewing the evidence in the light most favorable to the prosecution," a rational trier of fact could have found Mainor guilty of this offense. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

▮ Likewise, there is sufficient evidence to support Mainor's conviction for assault with a semi-automatic firearm in violation of California Penal Code § 245(b). A rational jury could have found beyond a reasonable doubt that Mainor's co-defendant assaulted one of the victims with a semi-automatic firearm and that this assault was a probable and natural consequence of the conspiracy to commit robbery. *See People v. Morante*, 20 Cal.4th 403, 84 Cal.Rptr.2d 665, 975 P.2d 1071, 1080 (Cal.1999).

Although we have not yet clarified whether or how the Anti–Terrorism and

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Effective Death Penalty Act of 1996 (AEDPA), 18 U.S.C. § 2254, affects the *Jackson* standard, we need not resolve this issue because Mainor's insufficiency claims clearly fail under either standard. *See Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir.2004) (per curiam) ("Because we are satisfied that Bruce's claim fails under either approach, we decline to decide whether the enactment of AEDPA has altered the contours of the *Jackson* inquiry.").

■ Mainor raises due process challenges to the trial court jury instructions based upon California Jury Instructions (CALJIC) Nos. 2.06 and 2.92. The jury instruction taken from CALJIC 2.06 leaves resolution of the factual dispute to the jury and informs the jury that even if they find Mainor threw the ski masks under the car, this conduct "is not sufficient by itself to prove guilt." *See Turner v. Marshall*, 63 F.3d 807, 820 (9th Cir.1995) (upholding a similar consciousness-of-guilt instruction given pursuant to CALJIC No. 2.03), *overruled on other grounds by Tolbert v. Page*, 182 F.3d 677 (9th Cir.1999) (en banc). Officer McIvor's testimony provided a factual basis for this instruction.

■ The jury instruction taken from CALJIC No. 2.92 merely identified the certainty of a witness as one of several factors the jury could consider in evaluating credibility. This case is easily distinguished from *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), where the Supreme Court was concerned that a reasonable juror could have interpreted the jury instruction as "an irrebuttable direction by the court" or as a burden-shifting direction. *Id.* at 517.

Moreover, because neither instruction "by itself so infected the entire trial that the resulting conviction violates due process," *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quotation omitted), the state court's denial of relief on these claims was not "contrary to" or an "unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1).

AFFIRMED.